**Exhibit A**

Date: 5-1-19
Time: 9:30

FILED
4/29/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004496

4846324

FILED DATE: 4/29/2019 12:00 AM 2019L004496

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Douglas Litowitz
_____
(Name all parties)

v.

Richard G. Haddad, William M. Moran, Mark Ge

Case No. _____

### ✔ SUMMONS     ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please ~~visit www.cookcountyclerkofcourt.org~~ to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

**Summons - Alias Summons**                              **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 6198234

Atty Name: Douglas Litowitz

Atty. for: Douglas Litowitz

Address: 413 Locust Place

City: Deerfield

State: IL    Zip: 60015

Telephone: 312-622-2848

Primary Email: Litowitz@gmail.com

Witness: _____ 4/29/2019 12:00 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 4/29/2019 12:00 AM   2019L004496

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Civil Action Cover Sheet - Case Initiation**      (05/27/16) CCL 0520

FILED
4/29/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004496

4846324

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Douglas Litowitz

v.

Richard G. Haddad, William M. Moran, Mark Gerasi, U.S. Immig. Fund LLC

No. _____

FILED DATE: 4/29/2019 12:00 AM  2019L004496

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ☒ No

**(FILE STAMP)**

#### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

#### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Douglas Litowitz (pro se)
(Attorney)      (Pro Se)

#### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below.**)
- ☐ 075 Other Commercial Litigation
  (Please specify below.**)
- ☐ 076 Retaliatory Discharge

#### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☒ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** Complaint for Defamation

Primary Email: Litowitz@gmail.com

Secondary Email: Profmaster5000@yahoo.com

Tertiary Email: Vickiichen@hotmail.com

**Pro Se Only:** ☒ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: Litowitz@gmail.com

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

FILED DATE: 4/29/2019 12:00 AM  2019L004496

# IN THE STATE OF ILLINOIS
## CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT, LAW DIVISION

DOUGLAS LITOWITZ          )
      Plaintiff,            )
                         )    No.
   v.                       )
                         )
RICHARD HADDAD;       )    Judge
WILLIAM MORAN;        )
MARK GERASI; and       )
U.S. IMMIGRATION FUND LLC,  )
      Defendants.        )

## COMPLAINT FOR DEFAMATION *PER SE*

Plaintiff Douglas Litowitz ("Litowitz"), an Illinois resident licensed to practice law in Illinois, hereby files this complaint for defamation *per se*, and states as follows:

### Facts Common to All Counts

1. Defendants published false and defamatory statements about Litowitz in a document which they filed in the Northern District of Illinois in the case of *Makhsous v. Mastroianni et al.*, 19-cv-01230 (the "Illinois Federal Case").

2. These statements were made publicly to all persons associated with the Illinois Federal Case, including presiding Judge Wood herself, and are publicly available on pacer.gov.

3. Litowitz is not involved in the Illinois Federal Case: he is not a litigant, not a party, not a witness, and not named in any other capacity.

FILED DATE: 4/29/2019 12:00 AM 2019L004496

4.  Defendants have previously attempted to sue Litowitz in New York State Court, an action that was dismissed. See 2019 N.Y. Misc. LEXIS 1370 (March 29, 2019)(the "New York Case").

5.  The New York Case was based on a complaint styled "Verified Amended Complaint" drafted and submitted by Defendants Haddad and Moran, supposedly verified as to its truth by Defendant Gerasi, and submitted for Defendant U.S. Immigration LLC and its affiliates ("USIF").

6.  The Judge in New York dismissed the Verified Amended Complaint.

7.  The Verified Amended Complaint contained numerous defamatory statements about Litowitz.

8.  On March 6, 2019, the Defendants brought the Verified Amended Complaint to Illinois and published it as an attachment to a motion in the Illinois Federal Case at Docket #10, Ex. A.

9.  The Defendants' motion, along with the defamatory statements in the Defendants' Verified Amended Complaint, are attached hereto as Exhibit 1.

10. Illinois law recognizes a 'litigation privilege' which may sometimes allow defamatory statements to be made in court filings, but only on condition that the defamatory statements concern one of the parties in the lawsuit and are related to the lawsuit.

11. The litigation privilege does not extend to defamatory statements about non-parties who are unrelated to the lawsuit.

2

FILED DATE: 4/29/2019 12:00 AM   2019L004496

12.   Here, Litowitz is a non-party, non-witness, and non-participant in the Illinois Federal Case, which is styled as a RICO action against the Defendants, in which they have for some reason decided to attach the defamatory Verified Amended Complaint.

13.   This decision resulted in publication of defamatory statements in Illinois about Litowitz, an Illinois resident.

14.   All of the statements are defamatory *per se* because they impugn the professional qualifications, standing, and reputation of Plaintiff Litowitz as an attorney.

15.   Furthermore, all of the false statements were made with malice because they are obviously incorrect in that they could have been investigated and determined to be false with a tiny bit of research and searches of public records.

### Parties

16.   Plaintiff Litowitz is an attorney of 30 years residing in Lake County, Illinois.

17.   Defendant Richard Haddad ("Haddad") is an attorney in New York with the Otterbourg PC law firm, appearing in the Illinois Federal Case *pro hac vice* and thereby conducting business in this State and availing himself of the privileges of this State.

3

FILED DATE: 4/29/2019 12:00 AM   2019L004496

18.   Defendant William Moran ("Moran") is an attorney in New York with the Otterbourg PC law firm, who signed the defamatory statements that were published in Illinois.

19.   Defendant Mark Gerasi ("Gerasi") is a resident of Florida and a representative of USIF who wrote the following sworn statement: "I have read the foregoing Verified Complaint and the contents and the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true." See Exhibit 1.

20.   Defendant USIF is a Delaware limited liability company with a principal place of business in Florida, which has appeared and filed motions in the Illinois Federal Case and has availed itself of the State of Illinois for publishing the defamatory statements.

## Jurisdiction and Venue

21.   This Court has specific jurisdiction under 735 ILCS 2-209(c) because the Defendants took specific action in coming to Illinois and publishing the defamatory statements in an Illinois forum, aimed at an Illinois resident.

22.   The Defendants made a voluntary choice to publish defamatory statements against an Illinois resident in an Illinois forum. They cannot be surprised if that leads to a lawsuit in the State of Illinois. If they want to publicly file defamatory statements against a resident in

4

FILED DATE: 4/29/2019 12:00 AM   2019L004496

his home state, then a lawsuit against them in that state does not offend any concept of due process or fair play.

23. Furthermore, this Court has jurisdiction under 735 ILCS 2-209(a)(2) because the Defendants committed a tortious act while in this State, to wit: filing a defamatory publication in the State of Illinois which contains untrue statements about an Illinois resident.

24. Venue lies in Cook County under 735 ILCS 5/2-201(d) which provides that an action against an out-of-state defendant for defamation may be commenced in the county where the publication occurred.


## COUNT I
## DEFAMATION *PER SE*
### (False Allegation of Conspiracy and Unethical
### Behavior with Intent to Harass)

25. The Plaintiff hereby incorporates the preceding paragraphs as if set forth in this Count.

26. On March 6, 2019, Defendants published the statements contained at Exhibit 1 in the State of Illinois.

27. At Exhibit 1 paragraph #1, the Defendants assert that Litowitz is from "the seedy side of the legal profession."

28. The ordinary meaning of this assertion is that Litowitz engages in illegal or immoral activities in connection with his professional practice.

29. At Exhibit 1 paragraph #1, the Defendants further assert that Litowitz and a cohort – while in Hong Kong - had a "business they created for

5

FILED DATE: 4/29/2019 12:00 AM   2019L004496

the purpose of the fraud, deceptively and maliciously insinuating themselves" into USIF's business, and that Litowitz made "numerous" "violations of the codes and canons of legal ethics".

30. This statement is false and was made with *scienter* and reckless disregard for the truth.

31. In truth, Litowitz had no willing cohort in Hong Kong and did not even know that USIF existed when he was living in Hong Kong.

32. A search of public records in the Hong Kong Companies Directory would easily disprove the assertion that Litowitz created any sort of business in Hong Kong.

33. The statements in paragraph #1 assert a purported fact that Litowitz engaged in an illegal or immoral conspiracy and that he violates ethical cannons.

34. This imputation is false since Litowitz has been a lawyer in good standing for 30 years and has not been subject to any disciplinary proceeding.

35. The false statements above were disseminated publicly.

36. The false statements imply dishonesty of an attorney and are defamation *per se* for which damages are presumed.

WHEREFORE, Litowitz seeks special damages of $250,000 and punitive damages in the amount to be determined by the Court, striking the false statements, and a public apology.

6

FILED DATE: 4/29/2019 12:00 AM  2019L004496

## COUNT II
### DEFAMATION *PER SE*
#### (False Allegation of Creating Hong Kong
#### entity with Intent to Harass)

37. The Plaintiff hereby incorporates the preceding paragraphs as if set forth in this Count.

38. On March 6, 2019, Defendants published the statements contained at Exhibit 1 in the State of Illinois.

39. Exhibit 1 at paragraph #35 states that Litowitz "unveiled a sham organization in Hong Kong for purposes of [committing] fraud."

40. Exhibit 1 at paragraph #35 further states that Litowitz converted a Hong Kong jewelry company into an organization designed to harass USIF.

41. This is false and was made with *scienter* and reckless disregard for the truth.

42. Litowitz had no ownership of any Hong Kong entity and certainly did not engage in any sham to harass a company of which he had no knowledge.

43. The falsity of this statement can be checked by simply looking at the Hong Kong Companies Directory which shows the ownership of every entity in Hong Kong, and reveals that Litowitz has never had any interest in any Hong Kong company.

44. The insinuation that Litowitz was an owner, principal, agent, or affiliate of any Hong Kong company for nefarious purposes is

7

FILED DATE: 4/29/2019 12:00 AM   2019L004496

defamation *per se*.

45.   The false statements above were disseminated publicly.

46.   The false statements imply dishonesty of an attorney and are defamation per se for which damages are presumed.

WHEREFORE, Litowitz seeks special damages of $250,000 and punitive damages in the amount to be determined by the Court, striking the false statements, and a public apology.


### COUNT III
### DEFAMATION *PER SE*
### (False Accusation of Unauthorized Practice of Law in Hong Kong)


47.   The Plaintiff hereby incorporates the preceding paragraphs as if set forth in this Count.

48.   On March 6, 2019, Defendants published the statements contained at Exhibit 1 in the State of Illinois.

49.   Exhibit 1 at paragraph #43 asserts that Litowitz was engaged in the unauthorized practice of law in Hong Kong: "[Litowitz's] practice of law in Hong Kong violates the laws of Hong Kong."

50.   This statement is false and was made with *scienter* and reckless disregard for the truth.

51.    Hong Kong law retains the English distinction between *barristers* (who can appear in court) and *solicitors* (who give advice). Hong Kong law allows U.S. lawyers to work in-house as a legal advisor to a single

8

FILED DATE: 4/29/2019 12:00 AM   2019L004496

business organization (in fact, there are countless U.S. lawyers working in Hong Kong to help multinationals comply with American law; such lawyers can be found in firms like Goldman Sachs, Northern Trust, Bank of America, HSBC, Citigroup, Standard Chartered Bank, and most major corporations). It is perfectly legal so long as the U.S. lawyer does not hold himself or herself out as licensed to practice as a general solicitor (and especially not a barrister).

52. The statement that Litowitz engaged in the unauthorized practice of law - a criminal act - is defamation *per se*.

53. Furthermore, it shows a stunning level of ignorance and reckless disregard for investigating how law is practiced in Hong Kong.

54. As described above, the statement was widely disseminated publicly.

55. This false statement implies dishonestly of an attorney and is defamation per se for which damages are presumed.

WHEREFORE, Litowitz seeks special damages of $250,0000 and punitive damages in the amount to be determined by the Court, striking the false statements, and a public apology.

## COUNT IV
### DEFAMATION *PER SE*
### (False Accusation of Violating Federal Securities Laws)

56. Plaintiff hereby incorporates the preceding paragraphs as if set forth in this Count.

9

FILED DATE: 4/29/2019 12:00 AM  2019L004496

57. On March 6, 2019, Defendants published the statements contained at Exhibit 1 hereto in the State of Illinois.

58. Exhibit 1 at paragraph #44 states that Litowitz and another person have been "routinely acting as investment advisers with members concerning [USIF projects].  As such, they are in violation of the securities laws of Illinois, New York, and the Investment Advisers Act of 1940."

59. This is false and was made with *scienter* and reckless disregard for the truth.

60. Federal law at 15 U.S.C. 80b-2(11)(B) exempts from the definition of an investment adviser "any lawyer, accountant, engineer, or teacher whose performance of such services is solely incidental to the practice of his profession."  States have similar exemptions.

61. Litowitz has never had a single investor offer him compensation for advice or management of their money; he has only acted as a lawyer and is therefore exempt from being an investment adviser.

62. The defamatory statement that Litowitz fraudulently violated the securities law of several states and the federal government is defamation *per se* for which damages are presumed.

WHEREFORE, Litowitz seeks special damages of $250,000 and punitive damages in the amount to be determined by the Court, striking the false statements, and a public apology.

10

FILED DATE: 4/29/2019 12:00 AM   2019L004496

## COUNT V
## DEFAMATION *PER SE*
### (False Accusation of Creating a Website
### and a Blog for Extortion)

63. Plaintiff hereby incorporates the preceding paragraphs as if set forth in this Count.

64. On March 6, 2019, Defendants published the statements contained at Exhibit 1 hereto in the State of Illinois.

65. Exhibit 1 at paragraph #37 asserts that Litowitz created a web site and created a blog on the web site which touted his achievements.

66. This is a false statement made with *scienter* and reckless disregard of the truth.

67. A simple search of website ownership on "Who Is" or "Go Daddy" will reveal that Litowitz does not own any web sites mentioned by the Defendants. Litowitz has no access to any web sites or any blogs.

68. Exhibit 1 at paragraph #45 asserts that Litowitz made "extortionist threats" to USIF.

69. Extortion is a crime, and this statement accuses Litowitz of criminal activity.

70. As described above, the statements were widely disseminated publicly.

71. The false statements imply dishonestly of an attorney and are defamation per se for which damages are presumed.

11

FILED DATE: 4/29/2019 12:00 AM   2019L004496

WHEREFORE, Litowitz seeks special damages of $250,000 and punitive damages in the amount to be determined by the Court, striking the false statements, and a public apology.

Dated:        April 26, 2019

Respectfully Submitted,

/s/ Douglas Litowitz
Attorney at Law
413 Locust Place
Deerfield, IL 60015
(312) 622-2848
Litowitz@gmail.com

12

FILED DATE: 4/29/2019 12:00 AM   2019L004496

FILED
4/29/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L004496

4846324

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| XUEJUN ZOE MAKHSOUS, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19-cv-01230 |
| NICHOLAS A. MASTROIANNI II | ) | Judge Andrea R. Wood |
| YING DING | ) ) | Magistrate Judge M. David Weisman |
| and | ) ) | |
| US IMMIGRATION FUND, LLC, aka USIF, | ) | |
| US IMMIGRATION FUND-NY, LLC, 701 TSQ | ) | |
| 1000 FUNDING, LLC, aka 701 Fund, 701 TSQ | ) | **DECLARATION** |
| 1000 Funding GP, LLC, aka 701 Manager, NYC | ) | **OF RICHARD G. HADDAD** |
| 1000 INVESTMENT, LLC, aka 701 Fund Co- | ) | **IN SUPPORT OF MOTION** |
| Manager, 1568 BROADWAY FUNDING 100, | ) | **TO DISMISS COMPLAINT** |
| LLC, aka 702 Fund, 1568 BROADWAY | ) | |
| FUNDING 100 GP, LLC, aka 702 Fund Manager, | ) | |
| NYC 2000 INVESTMENT, LLC, aka 702 Fund | ) | |
| Co-Manager, CAPITAL 600 INVESTMENTS, | ) | |
| LLC, aka Regional Center Co-Manager, | ) | |
| QIAOWAI INTERNATIONAL GROUP USA, | ) | |
| LLC, QIAOWAI INTERNATIONAL | ) | |
| HOLDING, LLC, QIAOWAI GROUP | ) | |
| INTERNATIONAL TRAVEL AGENCY | ) | |
| HOLDINGS, INC., | ) | |
|  | ) | |
| Defendants. | | |

RICHARD G. HADDAD, pursuant to 28 U.S.C. § 1746, declares and says as follows:

1.      I am a Member of the Firm and Chairman of the Litigation Department of Otterbourg P.C., counsel for Defendants Nicholas A. Mastroianni II, U.S. Immigration Fund, LLC, U.S. Immigration Fund – NY, LLC, 701 TSQ 1000 Funding, LLC, 701 TSQ Funding GP, LLC, NYC 1000 Investment, LLC, 1568 Broadway Funding 100, LLC , 1568 Broadway Funding 100 GP, LLC (the "1568 Manager"). NYC 2000 Investment LLC (the "NYC 200 Manager" and together with the 1568 Manager, the "Manager") and Capital 600 Investments.

4747479.1

LLC. I make this Declaration upon my personal knowledge and in support of the Defendants' motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6) and 9(b), the Complaint filed by plaintiff Xuejun Zoe Makhsous also known as Zoe Ma ("Plaintiff" or "Zoe Ma").

2.      Attached as **Exhibit A** is a true and correct copy of the First Amended Verified Complaint filed October 25, 2018 in the New York State Supreme Court, New York County styled *U.S. Immigration Fund LLC, U.S. Immigration Fund-NY LLC, 701 TSQ 1000 Funding, LLC and 701 TSE 1000 Funding GP, LLC v. Douglas Litowitz, Esq., Xuejun Makhsous a/k/a Ma Xuejun a/k/a Zoe Ma, and Reviv-East Legal Consultants (HK) Ltd. a/k/a Hong Kong Zhendong Legal Services Consulting Co., Ltd*, Index No. 159222/2018 (the "New York State Court Action").

3.      Attached as **Exhibit B** is a true and correct copy of the Answer with Counterclaims filed by Zoe Ma on January 22, 2019 in the New York State Court Action (without exhibits).

4.      Attached as **Exhibit C** is a true and correct copy of Reply to Counterclaims filed by Defendants on February 11, 2019 in the New York State Court Action.

5.      Attached as **Exhibit D** is a true and correct copy of the Consent Solicitation Statement issued by the Manager to the members of the Company dated June 5, 2018.

6.      Attached as **Exhibit E** is a true and correct copy of the letter dated February 4, 2019 from the Manager to one of the investors Mr. Lixing Yan.

7.      Attached as **Exhibit F** is a true and correct copy of the email March 1, 2019 from the Plaintiff to me concerning Mr. Lixing Yan.

4747479.1                                                    2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2019
New York, New York

/s/Richard G. Haddad
Richard G. Haddad

FILED DATE: 4/29/2019 12:00 AM   2019L004496

4747479.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------- x

U.S. IMMIGRATION FUND LLC, U.S. IMMIGRATION
FUND-NY LLC, 701 TSQ 1000 FUNDING, LLC, and
701 TSQ 1000 FUNDING GP, LLC,

Index No. 159222/2018

                         Plaintiffs,

    - against -

DOUGLAS LITOWITZ, ESQ., XUEJUN MAKHSOUS
a/k/a MA XUEJUN a/k/a ZOE MA, and REVIV-EAST
LEGAL CONSULTANTS (HK) LTD. a/k/a HONG KONG
ZHENDONG LEGAL SERVICES CONSULTING CO.,
LTD.,

                         Defendants.

-------------------------------------------------------------------- x

**AMENDED
VERIFIED
COMPLAINT**

Plaintiffs U.S. Immigration Fund LLC, U.S. Immigration Fund-NY LLC, 701 TSQ 1000

Funding, LLC, 701 TSQ 1000 Funding GP, LLC, by and through their attorneys, Otterbourg

P.C., as and for their Amended Verified Complaint against defendants Douglas Litowitz, Esq.

("Litowitz"), Xuejun Makhsous, also known as Ma Xuejun, also known as Zoe Ma ("Zoe Ma")

and Reviv-East Legal Consultants (HK) Co., Ltd., also known as Hong Kong Zhendong Legal

Services Consulting Co. Ltd. ("Consultants") allege, on knowledge as to their own status and

actions and otherwise upon information and belief, as follows:

## INTRODUCTION

1.    This action arises from the seedy side of the legal profession. It asserts claims for

fraud and related causes of action against Litowitz, an Illinois attorney, Zoe Ma, Litowitz'

purported "Chief Investigator," and Consultants, their purported "legal consulting" business in

Hong Kong. The claims arise from a desperate, bankrupt lawyer, his willing cohort and the

business they created for the purpose of the fraud, deceptively and maliciously insinuating

5452031.1

FILED DATE: 4/29/2019 12:00 AM 2019L004496

FILED: NEW YORK COUNTY CLERK 10/25/2018 04:06 PM
NYSCEF DOC. NO. 27

INDEX NO. 159222/2018
RECEIVED NYSCEF: 10/25/2018

themselves, in furtherance of their own adverse interests, into an ongoing, U.S. government approved EB-5 program project affording certain accredited Chinese families much coveted green cards for themselves and their children to reside in the U.S., in return for investments by these Chinese investors in certain real estate development projects in the United States that under the program are designed to create, and have in fact created, a significant number of jobs for U.S. citizens. Among other things, defendants individually and in collusion with one another, and with knowledge of their fraudulent scheme, disseminated false and defamatory statements by which they attempted to raise their own profile while damaging the reputation of plaintiffs, their affiliates and the aforementioned EB-5 capital investment projects, to the detriment of plaintiffs, so as to engage these Chinese investors in an attorney-client relationship and to induce them to withdraw their substantial investments from these EB-5 projects, so as to have them pay a portion of the returned investment to defendants as "Contingency-Based Legal Fees." The violations of the codes and canons of legal ethics are numerous and are described here to illustrate the Defendants' malicious course of conduct.

2.    Defendants improperly approached these Chinese investors at a time when they were most vulnerable, owing to a backlog in recent years for EB-5 visas to investors from China that resulted in their investments – here, in the form of a pooled $200,000,000 loan in the EB-5 project – being paid back in accordance with the loan's terms and conditions but before approval of the coveted green cards. This resulted in the need to redeploy those repaid funds into another approved investment during the backlog period, or to give up on the green cards.

3.    Importantly, had any of these Chinese investors properly requested from plaintiffs a withdrawal of their capital without defendants' interference, their entire investment would have been returned in full *without any fees paid to defendants*. In addition, withdrawal from these

FILED: NEW YORK COUNTY CLERK 10/25/2018 04:06 PM

NYSCEF DOC. NO. 27

INDEX NO. 159222/2018

RECEIVED NYSCEF: 10/25/2018

States District Court Eastern District of Wisconsin, dated August 2, 2018, dismissing Zoe Ma's action against the Secretary of DHS, and annexed hereto as Exhibit D is a copy of the "Reply Motion for Relief from Judgment of Dismissal" filed on September 3, 2018 by "Counsel for Plaintiff," Litowitz.

33.     Unemployed, bankrupt, in financial ruin and in desperation, upon information and belief Litowitz and Zoe Ma together decided upon a different path. By virtue of relationships they each had in Hong Kong, they together came up with a plan to make money by nefarious means.

34.     Upon information and belief, Litowitz and Zoe Ma, individually and in collusion with one another, and with knowledge and malice, devised a scheme to portray themselves as experts in the EB-5 Program and set about inducing the Chinese Members in the 701 Project to seek a return of their investments from Plaintiffs by engaging the Members with lies and defamatory statements about Plaintiffs, their affiliates and the project, without any regard to the truth or the damage they would cause to Plaintiffs or to the Members.

35.     As part of their plan, upon information and belief, they unveiled a sham organization in Hong Kong for purposes of the fraud. Indeed, on January 30, 2018 (shortly after Litowitz' bankruptcy filing earlier that month), they changed the name of an existing Hong Kong entity they had rights to, known as "Catrini Jewelry Co., Ltd." - which no doubt up until then was in the jewelry business -- and renamed it "Reviv-East Legal Service Consultants (HK) Co., Limited." Attached hereto as Exhibit E is a copy of the online corporate database demonstrating the name-change.

36.     Defendants then portrayed themselves on a website for the new entity as experts in the field - he as a securities lawyer and "professor" from Illinois, and she as his "Chief

5452031.1

12

FILED: NEW YORK COUNTY CLERK 10/25/2018 04:06 PM
NYSCEF DOC. NO. 27

INDEX NO. 159222/2018
RECEIVED NYSCEF: 10/25/2018

Investigator" and the person "responsible for due diligence and handling complaints from Chinese investors." Litowitz also included on the website a section entitled "My Blog" under which was an article he wrote entitled: "The EB-5 program is legally flawed and has become a scam." A copy of a Google-translated (from Chinese) print-out of the website (located at https://eb5rights.com/) is annexed hereto as Exhibit F.

37.     Despite the apparent fact that in 2017 the entity was still in the jewelry business, the website stated:

> [Consultants] helps investors defend their rights. **From 2017**, we will help EB-5 investors and US professional lawyers to cooperate to recover investment funds. In **December 2017**, Investor Z recovered $500,000 in investment from the EB-5 project promoted by the Chinese intermediary company "Overseas Immigrants" in just seven days. (Emphasis Added).

38.     Upon information and belief, this statement was not true. Despite touting the success story achieved for "Investor Z" in 2017, Litowitz disclosed no interest in Consultants in his bankruptcy petition dated January 8, 2018. (Exhibit B). Moreover, logic dictates that if the Investor Z story were true, income received from the alleged "big win" would have saved Litowitz from bankruptcy.

39.     To the contrary, however, upon information and belief Litowitz did not even have enough money to pay off a sum of $4,300 to his creditor First National Bank of Omaha (the "Bank"), which by March 29, 2018 had sued Litowitz in the bankruptcy court seeking an exception to discharge of that debt, which the Bank complained was incurred in November and December of 2017 when Litowitz suddenly changed his spending habits and maxed out his credit card with cash advances and charges to car services, airline tickets and hotel charges. Annexed hereto as Exhibit G is a copy of the Complaint Seeking Exception to Discharge filed on March 29, 2018.

5452031.1

13

FILED: NEW YORK COUNTY CLERK 10/25/2018 04:06 PM

NYSCEF DOC. NO. 27

INDEX NO. 159222/2018

RECEIVED NYSCEF: 10/25/2018

refundable if capital contribution not returned in 60 days. Unless otherwise specified, no other fees will be charged to you. All prior payment is not refundable.

\* \*\*

6. Term of Agreement. This Agreement is valid for six months or until the end of legal proceedings. The attorney and Reviv-East are entitled to legal fee and consulting fee for services performed in case of recovery received if you terminate this agreement with mutual consent. Service is charged at $400 per hour and $200 per hour by attorney and Reviv-East respectively.

43.     Upon information and belief, in 2018 none of the Defendants were licensed to practice law in Hong Kong and, accordingly, Defendants practice of law in Hong Kong violates the laws of Hong Kong. Moreover, Litowitz, is a member of the Illinois Bar, which specifically prohibits fee-splitting with non-lawyers, the formation of partnerships with non-lawyers, assisting in the unauthorized practice of law, and improper solicitation. Upon information and belief, Defendants' conduct herein violates numerous provisions of the Illinois Code of Professional Responsibility, including Rules 1.5, 5.4(a), 5.4(b), 5.5(a). 7.2 and 7.3.

44.     Upon further information and belief, neither Zoe Ma nor Consultants are licensed as investment advisers, yet they have been routinely acting as investment advisers with Members concerning the 701 Project and the 702 Project. As such, they are in violation of the securities laws of Illinois, New York and the Investment Advisers Act of 1940, 15 U.S.C. 80b-1 *et seq.*

### Defendants' Malicious Interference

45.     By June of 2018 Plaintiffs first started to hear from Litowitz, seeking investment withdrawals on behalf of their clients. However, far from a normal course one would expect in dealing with a lawyer. Litowitz's calls to representatives of USIF were more often than not laced with profanity, often included extortionate threats to run up attorneys' fees and to disclose negative information, and constantly asserted what can only be termed as "screams" into the phone to be paid immediately.

5452031 1

15

FILED: NEW YORK COUNTY CLERK 10/25/2018 04:06 PM
NYSCEF DOC. NO. 27

INDEX NO. 159222/2018
RECEIVED NYSCEF: 10/25/2018

statements made, in the light of the circumstances under which they were made, not misleading, or (c) engaged in transactions, practices or course of business which would operate as a fraud or deceit upon the entities associated with the EB-5 investments, including Plaintiffs.

69.     Defendants individually and in collusion with one another, and with knowledge of their fraudulent scheme created, or caused to be created, Consultant for their own purposes and to perpetrate a fraud upon the Plaintiffs.  Litowitz and Ma set forth false statements on the website for Consultant that were materially false.  Each of these representations was materially false when made.

70.     Defendants individually and in collusion with one another, and with knowledge of their fraudulent scheme set about making material misrepresentations on the internet with the purpose of inducing Members in the Company to seek withdrawal from Plaintiffs' substantial investments, to Plaintiffs detriment, for Defendants' own unlawful purposes.

71.     Defendants individually and in collusion with one another, and with knowledge of their fraudulent scheme breached the terms of the aforementioned Withdrawal Agreements with certain Members they represented by disclosing confidential information, disparaging Defendants and by causing and or assisting those other certain Members to disclose confidential information and disparage Defendants.

72.     Upon information and belief, the Individual Defendants knew that the representations were materially false when made.

73.     To deter the Individual Defendants from engaging in the future in such wonton fraudulent conduct as described herein, the Plaintiffs should be awarded punitive damages.

74.     By reason of the foregoing, Defendants are individually or collectively liable to the Plaintiffs, directly and derivatively, in an amount to be determined at trial, but in no event

5452031 1

30

FILED: NEW YORK COUNTY CLERK 10/25/2018 04:06 PM
NYSCEF DOC. NO. 27

INDEX NO. 159222/2018
RECEIVED NYSCEF: 10/25/2018

WHEREFORE, the Plaintiffs, individually and/or derivatively, as appropriate, seek the entry of judgment against the Individual Defendants, individually or collectively, as follows:

(A)     on each of the First and Second Causes of Action, in favor of the Plaintiffs, individually and derivatively, compensatory damages in an amount to be determined at trial, but in no event less than $6 million, together with punitive damages to be determined at trial, but in no event less than $10 million;

(B)     on each of the Third, Fourth and Fifth Causes of Action, in favor of Plaintiffs, compensatory damages in an amount to be determined at trial, but in no event less than $1 million; and

(C)     awarding any such further relief as is just and proper.

Dated: October 24, 2018

OTTERBOURG P.C.

By: _____
         Richard G. Haddad
         William M. Moran
230 Park Avenue
New York, New York 10169
(212) 661-9100

*Attorneys for Plaintiffs*

5452031.1

35

FILED DATE: 4/29/2019 12:00 AM    2019L004496

VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Mark Giresi, being duly sworn, deposes and says:

I am Chief Operating Officer of U.S. Immigration Fund, LLC, U.S. Immigration Fund-NY LLC, 701 TSQ 1000 Funding, LLC and 701 TSQ 1000 Funding GP, LLC, the plaintiffs in the within action; I have read the foregoing Verified Complaint and the contents thereof and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

This verification is made by deponent because U.S. Immigration Fund, LLC, U.S. Immigration Fund-NY LLC, 701 TSQ 1000 Funding, LLC, 701 TSQ 1000 Funding GP, LLC are limited liability corporations, and deponent is an officer thereof, to wit, their Chief Operating Officer.

MARK GIRESI

Sworn to before me this
_____ day of October, 2018

Notary Public

CYNTHIA D. FLORA
MY COMMISSION # FF 190882
EXPIRES: January 20, 2019
Bonded Thru Budget Notary Services

5452031 1

36